## GEINNE v. STEWARD.

No. 3219.   Opinion Filed November 11, 1913.

(136 Pac. 411.)

1. **INDIANS—Lands—Powers of Natural Guardian.** The father of an Indian minor allottee has no right, merely because he is its natural guardian, to make any contract concerning his minor child's land.

2. **LANDLORD AND TENANT — Holding Over—Notice to Quit.** Where defendant occupied and paid rent for a minor's land one year, under a contract made with such minor's father, but remained on the land another year, without consent, or the payment of rent to the father, such defendant was merely holding over wrongfully, and was only entitled to the statutory notice to vacate required in such cases.

(Syllabus by Brewer, C.)

*Error from County Court, Pontotoc County;*
*Conway O. Barton, Judge.*

Action in forcible entry and detainer by Mattie J. Steward, by her next friend, S. P. Steward, against Paul Geinne. Judgment for plaintiff, and defendant brings error. Affirmed.

*F. P. Lieuallen* and *W. F. Schulte,* for plaintiff in error.

*Bullock & Kerr,* for defendant in error.

Opinion by BREWER, C.   This action in forcible entry and unlawful detainer was tried in the county court of Pontotoc county on appeal from a justice of the peace court. At the conclusion of the evidence the jury was instructed to find for plaintiff and did so by its verdict.

This suit is for possession of a 700-acre allotment, consisting of about 23 acres in cultivation with houses and outhouses; the remainder being pasture lands. Geinne rented the house and land in cultivation for the year 1908 from the father of the allottee, who is a child eight years of age. He remained on the place during the years 1909 and 1910. The pasture land,

within the inclosure of which the house and little farm are situated, was rented to other parties. It seems that Geinne during the years 1909 and 1910 was making use of the pasture, by letting certain stock, including about 250 goats, run in the pasture. There was no claim of any agreement with the father of the allottee that would permit this. Suit was brought for all the allotment on the theory that Geinne was in the unlawful possession of it all. Geinne, the appellant, claims that his relations with the father of the allottee created a tenancy, either at will or by the year, and that, if such was the case, the three days' notice prior to filing the suit was insufficient, and for this reason the case of the plaintiff failed and the cause should be reversed.

It is freely admitted that the father of the allottee had no right in the sole capacity of natural guardian to make any contract concerning the minor's land. This is true under the law. *Capps et al. v Hensley,* 23 Okla. 311, 100 Pac. 515, discusses this question and reviews the authorities. But it is contended that as no one objected to his remaining on the land from year to year, after having entered under the contract with the father, he became a tenant either by will or by the year. This question is an important one and beset with difficulties we do not care to undertake, unless it is necessary to a proper decision of this case, and, after a careful reading of the entire record, we do not think the question is involved, for the reason that there was no proof introduced or offered that any payment of rents was either offered or accepted by the natural guardian for the years 1909 or 1910. The positive and uncontradicted proof is that there were no dealings or transactions between the parties relative to these lands for those years. The situation of appellant, then, is simply this: He was on the place for 1909 under a contract the father had no legal right to make, and paid rent for that year. After that time, so far as the record shows, he has continued to hold over, without paying anything in the way of rentals. In other words, he is holding over without right, and a mere delay of this nature, upon the part of the allottee to

oust him, cannot be taken advantage of by him.   So it is unnecessary to consider whether any, and if so what, rights might grow out of an occupancy of a minor's land, under agreements with its natural guardian, where the occupancy had continued from year to year and rentals had been paid, and converted to the child's use.

By the Court:   It is so ordered.